IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DENNY ELMER                                                                             PLAINTIFF

                v.                      Civil No. 4:09-cv-04002

HEATH ROSS, Hempstead
County Sheriff's Office                                             DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Denny Elmer, filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On April 2, 2009, I entered an order (Doc. 5) directing Plaintiff to complete, sign and return an attached addendum to his complaint. The addendum was to be returned by April 30, 2009.

On April 17, 2009, a docket entry was made that the court's order had been returned as undeliverable with a notation that Plaintiff was no longer incarcerated at the Hempstead County Detention Center. Plaintiff had failed to notify the court of his change in address. However, court staff obtained from detention center officials the home address Plaintiff provided when he was booked in. A change of address was entered on Plaintiff's behalf (Doc. 8). Plaintiff was given an extension of time until May 19, 2009, to complete and return the addendum (Doc. 8). All documents returned as undeliverable were resent to the Plaintiff.

To date, the Plaintiff has failed to respond to the addendum. No mail sent to the home address has been returned as undeliverable. Plaintiff has not requested an extension of time to file the addendum. Plaintiff has not communicated with the court in anyway.

I therefore recommend Plaintiff's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b).

**Plaintiff has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of June 2009.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE